IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLYDE BRINKLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-112-D |
| ) | |
| MICHELLE KING, ) | |
| Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) [Doc. No. 23]. Plaintiff's attorney, Miles L. Mitzner, seeks approval of a fee award in the amount of $21,632.25, to be paid out of Plaintiff's award of past-due benefits in accordance with a 25-percent contingency fee agreement between him and Plaintiff. Defendant has filed a Response [Doc. No. 25]. The Commissioner takes no position regarding the Motion, but reminds the Court of its obligation to determine a reasonable attorney fee and Mr. Mitzner's obligation to refund to Plaintiff the lesser of any § 406(b) award or the amount previously awarded under the Equal Access to Justice Act ("EAJA").

Upon consideration of the Motion in light of *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), and *Wrenn v. Astrue*, 525 F.3d 931 (10th Cir. 2008), the Court finds that Plaintiff's attorney may recover a reasonable fee for the representation of Plaintiff in this case up to the statutory limit of 25% of past-due benefits, provided the attorney refunds the lesser EAJA fee award. *See Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986); *see also* Order

Awarding Att'y Fees [Doc. No. 20]. The supporting documents with the Motion, as well as the case record, show a total of 39.15 hours of legal services performed for Plaintiff's representation in this case (35.35 attorney hours and 3.80 paralegal hours), which resulted in a favorable judicial decision. After remand, Plaintiff was determined to be entitled to benefits and was awarded a past-due amount of $86,529.00. The Motion has been timely filed within the deadline previously set by the Court. *See* 12/27/2024 Order [Doc. No. 22].

Under the circumstances presented, the Court finds that the requested amount of $21,632.25 represents a reasonable fee award for the work done by Plaintiff's attorney in this case, taking into account the contingent-fee agreement and other pertinent factors. *See Gisbrecht*, 535 U.S. at 808.[1] The amount does not exceed 25% of Plaintiff's award of benefits obtained by reason of the Judgment and Order of Remand [Doc. No. 16] entered June 8, 2023, and fairly accounts for the contingency nature of the representation and the delay in receiving payment. The Court finds that $21,632.25 represents a reasonable fee award under § 406(b).

**IT IS THEREFORE ORDERED** that the Motion for Attorney Fees Under 42 U.S.C. § 406(b) [Doc. No. 23] is **GRANTED**, as set forth herein. The Court approves an award of attorney fees under 42 U.S.C. § 406(b) to be paid by Defendant to attorney Miles

---

[1] Plaintiff's counsel expended 35.35 hours on this case, not including work performed by paralegals and other staff. *See* Pl.'s Mot., Ex. 3 [Doc. No. 23-3] at 2. Given the requested fee of $21,632.25, this translates to an effective hourly rate of approximately $600.12 ($21,632.25 minus $418 in paralegal fees, then divided by 35.35 hours of attorney time). This effective hourly rate is within the bounds established by *Gracey v. Astrue*, No. CIV-05-823-HE, Doc. No. 38 (W.D. Okla. Dec. 5, 2008). This effective hourly rate is also in line with the rate Plaintiff's counsel charges in non-contingency fee cases. *See* Pl.'s Mot. at 6 (noting that Mr. Mitzner charges $650 per hour in non-contingency fee matters).

L. Mitzner of Mitzner Law Firm, PLLC in the amount of $21,632.25. Upon payment of this amount, Plaintiff's attorney shall promptly refund to Plaintiff Clyde Brinkley the amount of the previous EAJA fee award of $7,600.00.

**IT IS SO ORDERED** this 5th day of March, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge